# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**
             **Plaintiff**

**v.**                                          **Case Number 3:12cr73-001**

                                                **USM Number 12312-027**

**RYAN C WEBB**
             **Defendant**

                                                **PATRICK G MURPHY**
                                                **Defendant's Attorney**

_____

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count 1 of the Information on 7/16/2012.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:1014 FALSE STATEMENT IN CONNECTION WITH A MORTGAGE LOAN AND MORTGAGE INSURANCE | 2010 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

November 1, 2012
_____
Date of Imposition of Judgment

s/ Jon E. DeGuilio
_____
Signature of Judge

Jon E. DeGuilio, United States District Judge
_____
Name and Title of Judge

November 2, 2012
_____
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **21 months**.

The Court makes the following recommendations to the Bureau of Prisons: That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where he may receive substance abuse evaluation and counseling, if deemed necessary; and that the defendant be placed in a facility as close as possible to his family in Fort Wayne, Indiana.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **no later than 9:00 AM on January 2, 2013** as notified by the United States Marshal.  If Defendant is unable to report to the designated institution as required, then Defendant shall voluntarily surrender to the United States Marshal's office located in the South Bend Federal Courthouse on the required date and time.

# RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____ at _____
_____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By:_____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years.**

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and two (2) periodic drug tests thereafter, as determined by the Court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer.

2. The defendant shall report to the probation officer in the manner and as frequently as directed by the Court or probation officer.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support his dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer within ten (10) days of any change in residence or employment.

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

## SPECIAL CONDITIONS OF SUPERVISION

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any schedule of payments set forth in the Criminal Monetary Penalties sheet of the judgment.  In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall participate in a substance abuse evaluation and treatment program, as deemed necessary, and shall abide by all program requirements and restrictions, which may include testing for the detection of alcohol or drugs of abuse at the direction and discretion of the probation officer.  While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.  The defendant shall not be allowed to work at a tavern or to patronize taverns or any establishments where alcohol is the principal item of sale.  The defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services adopted by this court.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|:---:|:---:|:---:|
| **$100.00** | **NONE** | **$585,000.00** |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $585,000.00 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601, for the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| 1ˢᵗ Source Bank | | $159,548.15 | |
| HUD Financial Accounting Division Collections | | $425,451.85 | |
| **Totals** | | $585,000.00 | |

Any payment that is not payment in full shall be divided proportionately among the persons named. If at any time this defendant's restitution payments combine with restitution made on these claims by any other person, including co-defendant Johnny Stine, to amount to an aggregate sum of $ 585,000.00, this Defendant shall have no further obligation to make restitution under this order.

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A       Lump sum payment of $585,000.00 due immediately, balance due, in accordance with B, below;

B       Payment in equal monthly installments of not less than $ 400.00, to commence 30 days after the defendant's placement on supervision;

The defendant may also make payments for his financial obligations imposed herein from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination. Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Name:     **RYAN C WEBB**

Docket No.:     3:12cr73-001

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                                           Date

_____    _____
U.S. Probation Officer/Designated Witness         Date